Smith, J.
The petition in error, filed by the plaintiff in error, seeks the reversal of the judgment rendered against him in the court of common pleas, and alleges as ground therefor that the trial court erred in this, viz: that it erred in overruling a motion to quash the indictment; that it erred in overruling the demurrers filed thereto; that it erred in the admission of evidence in the charges given to the jury, and those refused, and in overruling the motion for a new trial based on the ground that the verdict was against the evidence.
The indictment against the defendant, which was based on sec. 6830, Rev. Stats., is very long and involved in its language, and in some respects it is difficult to know exactly *364 what it means-^-strippéd of much of its verbiage, we understand its substance to be about this: That the plaintiff in error, Merrick F. Jones, and two other persons (naming them), on October 20, 1895, at Clinton Co., Ohio, unlawfully, knowingly and feloniously, did verbally and orally, and in writing, and by then and there sending and delivering to one Doan, mayor of the village of Wilmington, in said county,a certain letter writing,and written and printed communication as follows: (Here is set out, in hciec verba, an affidavit made by said defendant Jones before said mayor, charging that one Mary J. Urton, or Mary J. Jones, did unlawfully kill and murder one---Jones, on July 15, 1885, in Delaware county, Ohio), and by then and there sending and delivering to said Mary J. Urton, or Jones, a certain letter writing and written or printed communication, which said letter writing and written and printed communication is as follows: — (And here is set out a copy of a warrant issued by said mayor in the usual form, directed to one J. W. Smallwood as a special officer, reciting that a complaint had been made to said mayor, by said M. F. Jones, charging said Mary J. Urton,otherwise Mary J. Jones, with the crime aforesaid, and commanding said officer to take said Mary J. Urton, or Jones, if she be found in Clinton county, and remove her bodj' to the county of Delaware, aforesaid, and deliver it to any magistrate of said county having cognizance of said offense, to answer said complaint and be further dealt with according to law), accuse and threaten to accuse said Mary J. Urton, otherwise Jones, of having committed the crime of unlawfully, purposely and maliciously killing and murdering one---Jones, on or about July 15, 1885, at the county of Delaware, Ohio, said crime being punishable by the laws of the state with imprisonment in the Ohio penitentiary, with intent thereby, then and there unlawfully, willfully, knowingly and feloniously, to compel the said Mary J. Urton,aforesaid, against *365 her will, to execute and deliver to the said Merrick F. Jones, her note for $2,500, and a mortgage on a farm owned by her ih Delaware county,Ohio,to seaure said note. And then follow, in four separate paragraphs, allegations as to other and different intents with which such acts were done, all connected by the conjunction “and”, viz: 1st. To compel her to settle a suit brought by her against him in Clinton county, setting out the nature thereof, against her will. 2nd. To compel her against her will to settle another suit brought by her against him in Clinton county. 3rd. To compel her to convey to him her interest in a farm in Delaware county of the value of $6,000. 4th. To compel her against her will to agrees to execute and deliver to him, her note for $2,500, and a mortgage to secure it, with intent thereby to extort and gain from her certain chattels,money, valuable securities and pecuniary advantages to-wit: — certain money, of the value of $2,500, and a note and mortgage securing it, said chattels, money and valuable securities being then and there the property of said Mary J. Uiton— contrary to the form of the statute, etc.
The statute on which this indictment is founded, sec. 6830, Rev. Stats., is certainly very unskilifully drawn,and it is exceedingly difficult to form an opinion as to the proper construction to be placed on some of its provisions. It attempts to define what shall constitute the crime of black-mailing, and it is clear from its language, that it may be done in different modes, and by different acts and with the different intents, as stated in the section. Thus,by the first paragraph of the section, it is provided, that whoever, either verbally or by letter or writing, or written or printed communication, sent or delivered by him, demands of any person, with menaces, any chattel, money or valuable security, with any one or' more of the intents mentioned afterwards in the section, is guilty of the crime. But we do not understand that this indictment is founded on this, for there is no allegation in *366 the indictment that there was any verbal or written demand made by defendant on Mary J. Urton,with menaces for any chattel, money or valuable security. The indictment, then to be valid, must be founded upon some other provision of the statute, and we understand it to be based on the immediately succeeding language used, viz: “Or accuses, or knowingly sends or delivers any letter or writing, or any written or printed communication, with or without a name, or with any letter, mark or designation, accusing, or threatening to accuse, any person of a crime punishable by law,” etc., “with intent to extort,or gain from such person any chattel, money," etc., mentioning other in tents,shall be imprisoned, etc.
The conclusion we have reached as to the meaning of this part of the section is this: that there are two ways here pointed out by either of which the crime may be committed, .viz: 1st. That whenever any person accuses any person of a crime punishable by law,or of any immoral conduct, etc,, etc., with intent to extort or gain from such person any chattel, money, etc., etc., he violates the statute; and 2nd.; That any person who knowingly sends or delivers any letter or writing,or any written or printed communication, with or without a name, or with any letter, mark or designation, accusing or threatening to accuse any person of a crime punishable by law,etc.,etc., or to do an injury to the person or property of any person,with intent to extort or gain,etc., etc., is also guilty of a breach of the statute. It may be that such is not the grammatical construction of the language used, but we think it must have been the intention of the legislature so to provide. If it be not so, we do not see how the words “or accuses” are to have any meaning or force whatever.
This being our view as to this, we come to the consideration of the errors assigned.
It is claimed that the trial court erred in overruling a *367 motion to quash this indictment, based on the ground that it charged different distinct and repugnant crimes in the same count of the indictment, and therefore that it was bad for duplicity. The record Bhows that no such motion was filed by this defendant. One was filed by one of the defendants jointly indicted with him — no exception to the action of the court in overruling it could properly be taken by this defendant. He should, to avail himself of any such error, have pined in the motion, or filed one on his own behalf. Instead of doing so,he demurred to the indictment. By so doing,under the provisions of sec. 7258, he waived any such defect in the indictment,for the way to raise such a question was by a motion to quash. 2nd. Should the demurrer to the indictment have been sustained? That raised the question whether the facts stated in it, constituted an offense punishable by the laws of this state, or whether the intent with which it was done was alleged. Our conclusion as to this is,that it did charge the defendant with a crime punishable under the laws of the state, in this — that it charged him with accusing Mrs. Urton of the crime of murder, by unlawfully, knowingly and feloniously filing his affidavit as set out in the indictment with the mayor of Wilmington, charging her with the crime of murder, and with the unlawful and felonious intents set out therein. This was the gravest accusation that could be made, and we are satisfied that such an accusation,feloniously made and with the intent stated, comes within the letter and spirit of the statute. The demurrer was therefore properly overruled. We are of the opinion, though, that so much of the indictment as relates to the issue or service of the warrant, or the sending or delivering it to Mrs. Urton, did not constitute an offense in the meaning of the statute, and this part of it should be deemed to be surplusage.
Many specific objections are made to the charge given by *368 tbe court to the jury. The principal objection we find to it is. that so far as we can .see the court substantially held, as we understand, that the indictment might be sustained against the defendant, not only by showing an accusation made by him against Mrs. Urton, by the affidavit filed by him with the intent mentioned therein, but,if that were not sustained by proof, that if it were shown that the warrant issued thereon, if communicated to the accused, or sent or ■delivered “with the purpose of having it communicated to the accused, and under circumstances which render it probable that the same will be so communicated, ’ ’ if accompanied with the intent alleged in the indictment, would also justify his conviction of the crime. It must be conceded that the charge on this point is obscure, but such seems to us to be its fair meaning. This view is strengthened by the fact that the court refused to give special instructions Nos. 4 and 5, asked by counsel for defendant to be given to the jury. .No, 4 asked, in substance, that the jury be charged that the ■warrant issued by the mayor upon which Mrs. Urton was ,-arrested, was simply a judicial order issued by the mayor, and can not be considered by the jury as an accusation of •the crime of murder on the part of the defendant and ■against Mary Urton with the extent to extort, and you can not convict the defendant, upon such evidence, of accusing the said Mary Urton under the present indictments. And No. 5 asked the court to say to the jury, that the charge that the defendant, “unlawfully, willfully, knowingly and feloniously did verbally and orally, and in writing and by then and there sending and delivering to one Mary Urton, •aforesaid, a certain letter writing and written and printed •Communication,” which is as follows: (And here follows the copy of the warrant as set out in the indictment), did accuse, and threaten to accuse her of murder, with intent, >etc., “is not supported by evidence that said warrant was issued by Doan, and delivered by him to J.W. Smallwood, *369 special officer,and served by Smallwood upon,and then and there read by him to said Mary J. Urton, and that you can.not convict the defendant upon such evidence,notwithstanding the proof, if you find any was offered, of the intent of said Merrick R. Jones, in making the affidavit upon which said warrant was issued.” ' •
We think that those charges were substantially correct, and should have been given,and were not in substance given elsewhere. We think that th.ere was no error in the refusal to give the other special charges asked by defendant’s counsel.
As to the ground that the verdict was against the weight of the evidence, we have this to say, that if the statement made by the Prosecuting Attorney as to the facts in this case be true — and that they áre true is not controverted by counsel for the defendant and seems tobe supported by the evidence — it is shown that the defendant was guilty of almost diabolical conduct in his treatment of this unfortunate and hardly responsible woman, in his attempt by this accusation to extort from her, and apply to his own use, all of her estate, and was clearly guilty of the crime charged against him. And it can not be said that his sentence of two years imprisonment was excessive. If he was of sound mind,and there were no extenuating circumstances, (and this last does not appear in the record), a sentence for the full term of five years would not seem too great.
In this state of the case,and with the interpolation which we have concluded should be placed upon this statute, we feel ver*y unwilling to reverse the judgment on the ground of error in the charge of the court, but finding that substantial error has been committed, must do so, if insisted upon by plaintiff in error. But as he has already served a considerable part of his term in the penitentiary, and with the belief that on a new trial he would be again convicted and run the risk of a longer imprisonment, it would seem *370 that he would act wisely if he allows matters to rest as they are.
Mills & Clevenger, Attorneys for Plaintiff in Error.
Pros. Attorney JHariman, and Melville Hayes,for Defendant in Error.